**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Dwayne Anderson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 9:26-cv-00683-TMC |
| | ) | |
| Warden S. Napier, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Dwayne Anderson ("Petitioner"), proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.  On April 15, 2026, the magistrate judge issued an order giving Petitioner an opportunity to bring his case into proper form by providing specified items. (ECF No. 7). Petitioner was also advised of pleading deficiencies and given an opportunity to file an amended petition. *Id*. Petitioner has not provided the items necessary to bring his case into proper form, filed an amended petition or otherwise responded to the magistrate judge's order in any way.

On May 27, 2026, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the petition be dismissed without prejudice and without requiring Respondent to file a return.  (ECF No. 10 at 6).  Petitioner was advised of his right to file objections to the Report within a specified time period.  *Id*. at 7.  On May 27, 2026, the Report was mailed to Petitioner at the address he provided the court for purposes of this litigation.  (ECF No. 11).  The Report has not been returned marked undeliverable; the court, therefore, presumes Petitioner received the Report. To this date, however, Petitioner has failed to file objections or otherwise respond to the Report, and the time for him to object to the Report has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the findings, conclusions and recommendations of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 10), and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** without prejudice and without requiring Respondent to file a return.

Finally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court **DECLINES** to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain     
Chief United States District Judge

Anderson, South Carolina
July 14, 2026